IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW AYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 03-281-GMS |
| ) | |
| RICHARD KEARNEY, ) | |
| Warden, and M. JANE ) | |
| BRADY, Attorney General ) | |
| of the State of Delaware, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

FILED

SEP -7 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**I. INTRODUCTION**

Presently before the court is *pro se* petitioner Andrew Ayers' motion for re-argument of the court's memorandum opinion dismissing his federal habeas corpus petition. (D.I. 25.) For the following reasons, the court will deny his motion.

**II. BACKGROUND**

In March 2003, Ayers filed in this court a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting four claims: (1) the witness who purchased cocaine from Ayers was not a trained DEA agent; (2) ineffective assistance of counsel for failing to object to a police officer's reference to Ayers' involvement in Operation Safe Streets and for failing to move for a mistrial after this statement; (3) the State improperly withheld discovery evidence regarding Ayers' prior criminal history; and (4) police perjury. (D.I. 1 at 5-6.)

1

The State's answer asked the court to dismiss Ayers' habeas petition for two reasons: (1) Ayers procedurally defaulted claims one, three, and four in state court without any excuse, therefore precluding federal habeas review of these claims; and (2) Ayers' ineffective assistance of counsel claim (claim two) did not warrant federal habeas relief because the Delaware Supreme Court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. (D.I. 10.)

In a Memorandum Opinion dated May 6, 2005, the court denied Ayers' habeas petition. (D.I. 24.) In a motion for re-argument dated May 12, 2005, Ayers contends that the court erroneously neglected to consider additional allegations of his counsel's ineffective assistance.[1] (D.I. 25.)

## III. DISCUSSION

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

---

[1] Pursuant to D. Del. L.R. 7.1.5, a motion for re-argument must be served and filed within ten days after the filing of the court's opinion. Pursuant to Fed. R. Civ. P. 59(b), a motion for a new trial must be filed no later than 10 days after the entry of the judgment. A motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b) must be filed within a reasonable time. In the instant situation, the court's Memorandum Opinion denying Ayers' § 2254 petition was entered on May 9, 2005, and his motion for re-argument was filed on May 18, 2005. Therefore, under the three aforementioned rules, Ayers' motion is timely.

1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990).

Ayers' motion for re-argument is premised upon his belief that the court erroneously neglected to consider seven additional allegations of his counsel's ineffective assistance. (D.I. 25.) Ayers explains that, after reading the State's answer stating that some of his claims were unexhausted, he realized that he had filed a "mixed petition." According to Ayers, he then filed a motion to amend his original petition by deleting the unexhausted claims and adding eight ineffective assistance of counsel claims he had exhausted in the state courts. He also filed a document titled "Amended Petition for Writ of Habeas Corpus," which effectuated the amendment explained above. (D.I. 23.)

The court reviewed Ayers' "Amended Petition for Writ of Habeas Corpus," and only considered one of the eight additional ineffective assistance of counsel claims. Ayers' motion for re-argument asks the court to consider the other seven exhausted ineffective assistance claims. (D.I. 25.)

The court interprets Ayers' instant motion for re-argument as asserting that the court based its dismissal on an error of fact. Ayers apparently believes that the court's refusal to consider the other seven "added" ineffective assistance of counsel claims was due to the fact the court did not have a copy of his actual motion requesting the amendment; rather, the court only had the actual "amended petition."

Contrary to his belief, however, the court's refusal to add the other seven ineffective assistance of counsel claims to his original petition was not due to Ayers' apparent failure to

actually request permission from the court to amend. Rather, the court refused to add those claims because those seven claims did not relate back to the originally asserted ineffective assistance of counsel claims, and AEDPA's limitations period had expired during the pendency of his habeas petition. The Memorandum Opinion states, in relevant part:

> the court will consider only one of the additional assertions of ineffective assistance of counsel contained in his amended petition, namely, that his counsel provided ineffective assistance by failing to move for a mistrial. This allegation further supplements his ineffective assistance of counsel claim regarding his counsel's failure to object to testimony regarding Operation Safe Streets.[2] However, "Ayers did not request leave from the court prior to raising these additional claims and the State has not granted its written consent to this amendment. Given that a year has passed since he filed his reply to the State's answer, the court concludes that justice does not require granting the amendment. *See* Fed. R. Civ. P. 15(a)."

Accordingly, even if the court had been presented with a copy of Ayers' "motion to amend" when reviewing Ayers' § 2254 petition, it still would have denied the amendment for the same reason: more than one year had passed since the State filed its answer, Ayers was attempting to add new ineffective assistance of counsel claims, and Ayers presented no explanation for such a delay in making the amendment.[3] *See United States v. Duffus*, 174 F.3d

---

[2]In its answer, the State speculated that Ayers really intended to argue that his counsel's failure to move for a mistrial constituted ineffective assistance of counsel, and it addressed this issue. (D.I. 11 at 14). The court viewed the State's discussion as implicit consent for Ayers' subsequent addition of this claim.

[3]The court also notes that Ayers' purported reason for amending the petition is incorrect. Ayers has attached a copy of his "motion to amend" to his motion for re-argument. His "motion to amend," dated March 13, 2005, asks to delete unexhausted claims one and four, and add eight additional ineffective assistance of counsel claims, because he presented the court with a mixed petition. (D.I. 25, Attachment.) To briefly summarize the applicable law, under *Rose v. Lundy*, a federal court cannot review a timely filed mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). Rather, the court should dismiss the petition without prejudice to permit exhaustion of the unexhausted claims, or give the petitioner a chance to delete the unexhausted claims.
Contrary to Ayers' assertion, his petition was not mixed; it contained exhausted claims and procedurally defaulted claims, and the procedurally defaulted claims were precluded from

333, 336-37 (3d Cir. 1999)(finding that a new ineffective assistance of counsel claim asserted in a motion to amend after AEDPA's limitations period had already expired did not relate back to an ineffective assistance of counsel claim asserted in the original timely habeas petition); *U.S. v. Thomas*, 221 F.3d 430, (3d Cir. 2000)("Under Fed. R. Civ. P. 15(c), an amendment . . . clarif[ying] or amplif[ying] a claim or theory in the petition may, in the District Court's discretion, relate back to the date of the petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case"). Thus, the court will deny Ayers' motion for re-argument.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner Andrew Ayers' motion for re-argument is DENIED. (D.I. 25.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Dated: September 7, 2005

UNITED STATES DISTRICT JUDGE

---

further state court review. A mixed petition contains exhausted claims and unexhausted claims, and the unexhausted claims can still be reviewed by a state court. Regardless, even if his original petition was mixed, the *Rose v. Lundy* doctrine only permits the deletion of unexhausted claims; it does not authorize the addition of new exhausted claims. See *Rose*, 455 U.S. 509. In short, Fed. R. Civ. P. 15(c) would still have precluded the court from reviewing the additional seven ineffective assistance of counsel claims.